Argued January 10, affirmed February 1, 1967

# WILLAMETTE ASSOCIATION OF ELEC-
## TRICAL CONTRACTORS ET AL v.
## NILSEN ET AL

423 P. 2d 497

*Norman K. Winslow,* Salem, argued the cause and filed briefs for appellants.

*Donald S. Richardson,* and *Albert L. Menashe,* Assistant Attorney General, Portland, argued the cause for respondents. With them on the brief were Robert Y. Thornton, Attorney General, Salem, and H. J. Belton Hamilton, Assistant Attorney General, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

McALLISTER, J.

The plaintiffs brought this suit praying for a decree declaring unconstitutional certain portions of Chapter 660 of Oregon Revised Statutes, pertaining to apprenticeship training. The defendants are the Commissioner of Labor and the Director and the members of the State Apprenticeship Council. The trial court decreed that ORS 660.125 (5) constituted, in part, an unlawful delegation of legislative power to a private agency, in violation of Article III, Section 1, and Article IV, Section 1, of our state constitution. The court found, however, that the defendants had "not made an unconstitutional application of ORS 660.125 (5)," and did not enjoin the enforcement of the statute. The plaintiffs appeal.

The legislative policy in enacting ch 660 ORS was to develop an apprenticeship system and to protect the welfare of apprentices. The act applies to the

plumbing business and the business of making electrical installations, in which plaintiffs are engaged.

A person applying for training as an apprentice must register with the State Apprenticeship Council. Within 30 days after an apprentice enters the service of his employer, the apprentice and his employer must enter into a written agreement of apprenticeship. The agreement must obligate the parties to abide by the applicable trade or craft standards. The trade or craft standards are established by the State Apprenticeship Council. ORS 660.125 provides what the trade and craft standards shall contain. This appeal centers on paragraph (5) of ORS 660.125, the pertinent portion of which is quoted below with the part held unconstitutional by the trial court enclosed in brackets:

> "(5) A statement of the progressively increasing schedule of wages to be paid the apprentice. This wage scale shall be based upon the prevailing wage paid in the area for journeymen in the occupation for which the apprentice is being trained. In determining the prevailing wage, [resort shall be made first to the wage prescribed in a bargaining agreement in force in the area for the particular trade or craft in question and such wage shall be adopted. If there is no bargaining agreement in force in the area,] resort may be made to the findings of an appropriate federal agency which determines prevailing wages, or an independent survey may be made by the appropriate apprenticeship committee or the State Apprenticeship Council. All wages to be paid apprentices shall be approved by the appropriate apprenticeship committee or in the absence of such a committee in the local area, by the State Apprenticeship Council. * * *"

The lower court declared that ORS 660.125 (5) is unconstitutional in so far as it requires that the pre-

vailing wage be determined solely by adopting "the wage prescribed in a bargaining agreement in force in the area for the particular trade or craft in question." The parties stipulated in the court below that the defendants had not complied with paragraph (5) by adopting as the prevailing wage the wage prescribed in a bargaining agreement in force in the area, but had in effect determined the prevailing wage by a survey made "to determine the rate of pay being received by a majority of the employed journeymen in the area in the occupation for which the apprentice is being trained."

■ The plaintiffs are satisfied with the lower court's finding of unconstitutionality, and the defendants have not appealed. As a result the finding of unconstitutionality is not at issue in this court, was not argued, and received only a passing mention in the briefs. Under the circumstances, we will not review the finding of unconstitutionality, but will consider only the issue raised by plaintiffs.

The only contention made by plaintiffs in this court is that when the trial court found the statute unconstitutional in part, it was then required to hold "the entire statute" unconstitutional and enjoin the enforcement thereof. Plaintiffs do not specify whether they mean by the entire statute all of paragraph (5), all of Section 660.125, or all of Chapter 660. In any event, their contention ignores the rule of severability codified in ORS 174.040,① and is without merit.

---

① ORS 174.040 "It shall be considered that it is the legislative intent, in the enactment of any statute, that if any part of the statute is held unconstitutional, the remaining parts shall remain in force unless:

"(1) The statute provides otherwise;

"(2) The remaining parts are so essentially and inseparably

■ If ORS 660.125 (5) is unconstitutional in part, as the trial court found, and as to which finding we express no opinion, we are satisfied that the unconstitutional part can easily be severed, as we are commanded to do by ORS 174.040.[2] We are only concerned with those portions of the third and fourth sentences of paragraph (5) included within the brackets as quoted above. If we excise the bracketed portions, the remaining portions of the paragraph fix an acceptable standard by which the administrative agency can determine the prevailing wage and all doubt as to the constitutionality of the statute is removed. *City of Joplin v. Industrial Commission of Missouri*, 329 SW2d 687 (Mo 1959); *Metropolitan Water Dist. v. Whitsett*, 215 Cal 400, 10 P2d 751 (1932); *Baughn v. Gorrell & Riley*, 311 Ky 537, 224 SW2d 436 (1949); *Roland Electrical Co. v. Mayor and City Council of Baltimore*, 210 Md 396, 124 A2d 783 (1956); *City of Albuquerque v. Burrell*, 64 NM 204, 326 P2d 1088 (1958); *Campbell v. City of New York*, 244 NY 317, 155 NE 628, 50 ALR 1473 (1927).

The practical effect of the trial court's decree was to sever that part of the statute which it found invalid, and to permit the defendants to enforce the statute by ignoring the severed portion. We think the effect of the decree was proper, and it is affirmed.

connected with and dependent upon the unconstitutional part that it is apparent that the remaining parts would not have been enacted without the unconstitutional part; or

"(3) The remaining parts, standing alone, are incomplete and incapable of being executed in accordance with the legislative intent."

[2] ORS 174.040 was enacted in 1951 and embodies substantially the rules which had been applied by this court prior to its enactment. Dodd v. Ind. Acc. Comm., 211 Or 99, 113, 310 P2d 324, 311 P2d 458, 315 P2d 138 (1957); Gilbertson v. Culinary Alliance, 204 Or 326, 353, 282 P2d 632 (1955).