Submitted on briefs January 24, reversed March 30, petition for
rehearing denied May 25, petition for review denied
July 25, 1972

JUDSON ET AL, *Appellants, v.* APPRENTICESHIP
AND TRAINING COUNCIL, *Respondent,*
COLLIER, *Appellant, v.* APPRENTICESHIP
AND TRAINING COUNCIL, *Respondent.*

495 P2d 291

368

Norman K. Winslow, Salem, for appellants.

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

These two cases, one brought by an employer, the other by an employe, raise a single, identical question and were consolidated on appeal. The question is: May the respondent bar the petitioner Collier from being employed by the petitioner Judson in an authorized apprenticeship training program for electricians on the sole ground that he is 43 years of age? The trial court concluded that the respondent could, and petitioners appeal.

ORS ch 660 created the respondent and regulates its activities. The Supreme Court describes its effect:

> "The legislative policy in enacting ch 660 ORS was to develop an apprenticeship system and to protect the welfare of apprentices. The act applies to the plumbing business and the business of making electrical installations, in which plaintiffs are engaged.

> "A person applying for training as an apprentice must register with the State Apprenticeship Council. Within 30 days after an apprentice enters the service of his employer, the apprentice and his employer must enter into a written agreement of apprenticeship. The agreement must obligate the parties to abide by the applicable trade or craft standards. The trade or craft standards are estab-

lished by the State Apprenticeship Council. ORS 660.125 provides what the trade and craft standards shall contain. * * *" *Willamette Elec. Contr. v. Nilsen,* 245 Or 588, 589-90, 423 P2d 497 (1967).

That case dealt with ORS 660.125 (5). Essentially this case deals with ORS 660.125 (10). The latter provides:

"Trade, craft or industrial standards for apprenticeship or training agreements established under subsection (2) of ORS 660.120 shall contain:
"* * * * *

"(10) Statements of the minimum qualifications, minimum age, and performance levels to be required of the apprentice or trainee.
"* * * * *."

ORS ch 660 was amended by House Bill 347, which was enacted as Oregon Laws 1957, ch 270. As introduced, what is now ORS 660.125 (10) provided:

"Statements of the minimum qualifications, minimum age, *maximum* age—if any, and performance levels to be required of the apprentice." (Emphasis supplied.)

Minutes of the House Committee on Labor and Industries show:

March 5, 1957:

"Chairman Klemsen said he would like to take out the provisions that the Bureau can establish maximum and minimum age limits and subsection 3.
"* * * * *

"Representative Willner moved that on page 6, line 24, strike the words 'maximum age—if any,'. Motion carried."

March 12, 1957:

"Mr. Wendell Barnett, Farmers Union, appeared to oppose the maximum age limit in the bill and

it was pointed out to him that this wording has already been taken out of the bill by the committee."

■ Thus it is clear that the legislature in the enactment of the bill considered and expressly rejected the concept that the respondent might impose a restriction of maximum age under ORS 660.125 (10). No other provision of that bill purported to give that authority. The respondent contends:

"The legislative requirement that the agreements include a minimum age specification does not prevent the inclusion of a maximum qualification."

In light of the foregoing statutory history, we disagree. We think it clear that the legislature did not intend that the Council have authority to include a maximum age qualification.

In 1967 the legislature amended ORS 660.125 by Oregon Laws 1967, ch 6, § 15. ORS 660.125 (10) was not amended, but ORS 660.125 (11) was amended to read as follows:

"(11) Such other provisions as may be submitted by joint employer and employe groups or as may be part of legitimate bargaining agreements between an employer and his employes even though the provisions of such a legitimate bargaining agreement may depart in some respects from the standards set forth in subsections (1) to (10) of this section, and approved by the council. The council in making its decisions shall take into consideration the following factors:

"(a) The possibility the provision might result in curtailment of opportunities for apprentices or trainees to receive training under the standards.

"(b) The possibility the provision might result in the diversion of needed qualified applicants for apprenticeship or training into unskilled or semi-

skilled jobs for which an adequate supply of labor already exists."

■■ The Council next contends that this amendment gives it authority to disregard the legislative intent expressed in subsections (1) through (10), thus allowing it to include a maximum age limitation. We do not construe the words "may depart in some respects" as a blanket authority to disregard or overrule a clearly expressed legislative intent, whether that authority is granted to an administrative agency or, as here, further delegated to "joint employer and employe groups" or "as may be part of legitimate bargaining agreements." ORS 660.125 (11).① Implied statutory repeals or amendments are not favored. *Appleton v. Oregon Iron & Steel Co.*, 229 Or 81, 84, 358 P2d 260, 366 P2d 174 (1961); *United States v. Georgia-Pacific Company*, 421 F2d 92 (9th Cir 1970); *Croft v. Lambert,* 228 Or 76, 357 P2d 513, 88 ALR2d 1227 (1961); *State of Oregon v. Buck,* 200 Or 87, 262 P2d 495 (1953); 1 Sutherland, Statutory Construction 468-70, § 2014 (3d ed 1943). We hold that the amendment of ORS 660.125 (11) does not amend or repeal ORS 660.125 (10).

Finally, respondent points to ORS 659.024 as support for its claim of implied amendment. Chapter 659 relates to civil rights. ORS 659.024 declares it to be an unlawful employment practice for a private employer to discriminate because of age. ORS 659.-024 (4) was added by Oregon Laws 1965, ch 575, § 1, and now provides:

"(4) The provisions of this section apply to an

---

① Accordingly, we do not reach the question whether such a provision constitutes an unlawful delegation of authority to the executive branch. Nor do we find it necessary otherwise to consider further its meaning or validity. *See:* Willamette Elec. Contr. v. Nilsen, 245 Or 588, 423 P2d 497 (1967).

apprentice under ORS chapter 660, but the selection of an apprentice on the basis of the ability to complete the required apprenticeship training and the industry average period of employment thereafter before attaining the age of 65 years is not an unlawful employment practice."

Examination of that provision and its legislative history indicates that its purpose was to assure that simply because *an employer* might choose to consider the factors enumerated in subsection (4) in determining whether to employ an apprentice, such action would not alone constitute an unfair labor practice. We do not construe such a purpose as constituting an implied amendment of ORS 660.125 (10) to allow the respondent, who is not a "private employer" within ORS 659.024 (4), to establish a maximum age for entry into an apprenticeship training program.

In *Port. Stages v. City of Portland,* 252 Or 633, 450 P2d 764 (1969), our Supreme Court pointed out that where two statutes are designed to accomplish different purposes,

"* * * it is not our function to decide that the legislature has enacted conflicting statutes unless the acts clearly require it. *Peters et al v. McKay et al,* 1952, 195 Or 412, 440, 238 P2d 225, 246 P2d 585." 252 Or at 639.

Reversed.