Argued and submitted November 3, 1995, decision of the Court of Appeals
reversed; case remanded to the Court of Appeals April 4, 1996

Jeanette A. FAIRBANKS,
*Petitioner on Review,*

*v.*

BUREAU OF LABOR AND INDUSTRIES
and Oregon/Southwest
Washington/Northwest California
Metal Trades Pipefitters Joint Apprenticeship
and Training Committee,
*Respondents on Review.*

(Agency No. 45616; CA A85649; SC S42099)

913 P2d 703

Megan E. Glor, Portland, argued the cause on behalf of petitioner. With her on the briefs was Lynn-Marie Crider, Portland.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause on behalf of respondents on review. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

UNIS, J.

## UNIS, J.

The issue in this case is whether the Court of Appeals has jurisdiction to review a decision by the Oregon/Southwest Washington/Northwest California Metal Trades Pipefitters Joint Apprenticeship and Training Committee (local committee), which canceled an apprenticeship agreement with an apprentice pipefitter. Specifically, the question is whether the decision by the local committee, which canceled the agreement, was a "final order" subject to the "contested case" procedures of the Oregon Administrative Procedures Act (APA). If so, the Court of Appeals has jurisdiction to review that final order and its contrary ruling was error. We answer the question presented in the affirmative. We therefore reverse the decision of the Court of Appeals.

On May 3, 1990, petitioner entered into an apprenticeship agreement with the State Director of Apprenticeship and Training[1] that provided that petitioner would be employed and trained as an apprentice pipefitter. The agreement further provided that, after the completion of a probationary period,[2] petitioner could be

"terminated * * * for good cause, with due notice to the apprentice and with a reasonable opportunity for correction and with written notice to the apprentice and to the

---

[1] As this court observed in its only prior case concerning the state apprenticeship system, "[t]he legislative policy in enacting [chapter] 660 ORS was to develop an apprenticeship system and to protect the welfare of apprentices." *Willamette Elec. Constr. v. Nilsen*, 245 Or 588, 589, 423 P2d 497 (1967).

There are several administrators and committees that oversee the system. The State Director of Apprenticeship and Training is "responsible to the commissioner [of the Bureau of Labor and Industries] for the administration of [chapter 660], including supervision of all office and field staff." ORS 660.170. The local committees "serve the needs of the various apprenticeable occupations." ORS 660.135(1). The local committees are responsible for, among other things, proposing standards for the local apprenticeship and training programs and for administering the programs in accordance with those standards. ORS 660.137(1) and (2). Finally, as discussed below, the local committees have the authority to terminate the apprenticeship agreements with the individual apprentices. ORS 660.060(7); ORS 660.137(4).

[2] The probationary period is the trial period "during which the apprenticeship may be terminated by either party to the agreement upon written notice to the Apprenticeship Division of the Bureau of Labor and Industries." ORS 660.060(6). In this opinion, the term "non-probationary apprentice" means an apprentice who has completed the trial period.

Apprenticeship Division, Bureau of Labor and Industries of the final action taken by the committee."

On July 12, 1994, well after petitioner had completed her probationary period, the local committee notified petitioner in writing that "cancellation of [her] apprenticeship agreement * * * may be considered at the next regularly scheduled meeting of the [local committee]," which was to be held on July 19, 1994. The notice stated that petitioner would "be given an opportunity to provide any additional information (oral or written) * * * regarding * * * [1] failure to submit timely progress records and [2] violation of policy while on probation."

The local committee met on July 19, 1994, to consider the cancellation of petitioner's apprenticeship agreement. By written notice dated July 26, 1994, the local committee informed petitioner that it had canceled her apprenticeship agreement for "violation of policy." On August 9, 1994, the local committee sent petitioner a notice of "Final Cancellation," which told petitioner that the local committee had "canceled [the] apprenticeship agreement on 7/19/94 for the following reasons: Missing Monthly Progress Reports While On Probation; Violation Of Policy."

Petitioner petitioned the Court of Appeals for judicial review of the notice of cancellation of her apprenticeship agreement. The Court of Appeals ordered petitioner "to show cause why this judicial review should not be dismissed on the ground that it is not taken from a final order in a contested case." Based on the responses submitted by petitioner and respondents, the Bureau of Labor and Industries (BOLI) and the local committee, the Court of Appeals issued an order of dismissal, concluding:

"The notice of cancellation for which petitioner seeks review is not a final order in a contested case. Therefore, the court on its own motion dismisses the judicial review for lack of jurisdiction."

We allowed review of the Court of Appeals' order of dismissal.

Petitioner argues that the Court of Appeals erred when it dismissed the petition for judicial review for lack of jurisdiction. According to petitioner, the local committee's

decision to cancel the apprenticeship agreement was a final order in a "contested case." Under the APA, the Court of Appeals has jurisdiction for judicial review of final orders in contested cases. ORS 183.480(2); ORS 183.482(1).

The first question on review is whether the decision by the local committee to cancel the apprenticeship agreement was a final order subject to the "contested case" procedures of the APA. Under ORS 183.310(5)(a), an order "includes any agency determination or decision issued in connection with a contested case proceeding." ORS 183.310(5)(b) provides:

> " 'Final order' means final agency action expressed in writing. 'Final order' does not include any tentative or preliminary agency declaration or statement that:
>
> "(A)   Precedes final agency action; or
>
> "(B)   Does not preclude further agency consideration of the subject matter of the statement or declaration."

ORS 183.310(2)(a) defines a "contested case" as a proceeding before an agency:

> "(A)   In which the individual legal rights, duties, or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard.
>
> "(B)   Where the agency has discretion to suspend or revoke a right or privilege of a person.
>
> "(C)   For the suspension, revocation, or refusal to renew or issue a license where the licensee or applicant for a license demands such a hearing; or
>
> "(D)   Where the agency by rule or order provides for hearings substantially of the character required by ORS 183.415, 183.425, 183.450, 183.460, and 183.470."

Respondents concede that the "termination of petitioner's apprenticeship clearly falls [within the meaning of] a 'contested case' under both ORS 183.310(2)(a)(A) and ORS 183.310(2)(a)(B)." For the purpose of this case, we accept respondents' concession.

Respondents argue, however, that ORS 660.060(7), the text of which is set out below, exempts from the APA's contested case provisions the local committee's decision to cancel the apprenticeship agreement. According to respondents, the notice of cancellation in this case is "an order in *other* than a contested case." Jurisdiction for judicial review of orders in other than contested cases lies not with the Court of Appeals, but with the circuit court. ORS 183.484(1).[3]

We begin our analysis with the text of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). ORS 660.060 provides in part:

"[E]very apprenticeship or training agreement * * * shall contain:

"* * * * *

"(7) A statement that after the probationary period *the apprenticeship agreement* may be canceled at the request of the apprentice or *may be suspended, canceled, or terminated by the committee for good cause*, which includes, but is not limited to failure to report to work, nonattendance at related training, failure to submit work progress reports and lack of response to committee citations, *with due notice to the apprentice and a reasonable opportunity for correction* and with written notice to the apprentice and to the Apprenticeship Division of the Bureau of Labor and Industries of the final action taken by the committee[.]" (Emphasis added.)

Respondents argue that the legislature intended that the decision to cancel an apprenticeship agreement should not be subject to APA procedures, but rather should be subject only to the specific notice and correction procedures provided above. We disagree.

ORS 660.060(7) does not expressly exempt from the APA's contested case provisions the decision to cancel an apprenticeship agreement.[4] Indeed, the statute says nothing

---

[3] ORS 183.484(1) provides in part:

"Jurisdiction for judicial review of orders other than contested cases is conferred upon the Circuit Court for Marion County and upon the circuit court for the county in which petitioner resides or has a principal business office."

[4] In enacting ORS 660.060(7), the legislature did not exempt the proceedings concerning the cancellation of apprenticeship agreements from the APA's

about eliminating the employee's right to a contested case hearing. By contrast, the legislature has enacted other statutes that say clearly when the APA's provisions do not apply.[5] For example, ORS 342.190 exempts the proceedings for the suspension and revocation of teaching licenses from the APA's contested case provisions by providing:

> "Except as otherwise specifically provided, ORS 183.310 to ORS 183.550 [APA] *do not apply* to proceedings under ORS 342.175, 342.177 and 342.180." (Emphasis added.)

Unlike that statute, ORS 660.060(7) does not expressly exempt its proceedings from the APA's provisions. In light of that omission, we are mindful of the statutory enjoinder that we not insert into the statute what has been omitted, or omit what has been inserted. ORS 174.010; *PGE*, 317 Or at 611.

■    Respondents argue that ORS 660.060(7) provides specific procedures for the cancellation of apprenticeship agreements that are inconsistent with the general provisions of the APA. In analyzing the statutory text of ORS 660.060(7), we "utilize[ ] rules of construction that bear directly on the interpretation of the statutory provision in context." *PGE*, 317 Or at 611. According to one of those rules of construction, "a particular intent shall control a general one that is inconsistent with it." ORS 174.020. In applying that rule, the two statutes should be read together and harmonized, if possible, while giving effect to a consistent legislative policy. *State v. Pearson*, 250 Or 54, 58, 440 P2d 229 (1968). If the two statutes cannot be harmonized, however, "the specific statute is considered an exception to the general statute." *State ex rel Juv. Dept. v. M.T.*, 321 Or 419, 426, 899 P2d 1192 (1995) (citing *Smith v. Multnomah County Board of Commissioners*, 318 Or 302, 309, 865 P2d 356 (1995)).

---

contested case provisions when the relevant part of ORS 660.060(7) was added after the APA was enacted. *Compare* Or Laws 1981, ch 764, § 4, *with* Or Laws 1957, ch 717, §§ 1-16.

[5] The legislature may also exempt certain proceedings from the APA by stating that exemption in the APA itself. *See, e.g.*, ORS 183.315(1) (exempting from the APA's contested case provisions local government boundary commissions, the Department of Revenue, State Accident Insurance Fund Corporation, Public Utility Commission, Department of Consumer and Business Services, Psychiatric Review Board, and the State Board of Parole and Post-Prison Supervision). However, the APA does not provide a similar exclusion with respect to a decision to cancel an apprenticeship agreement.

The pivotal question is whether there is an inconsistency between the procedures provided in ORS 660.060(7) and the procedures provided in the APA's contested case provisions, ORS 183.413 to 183.470, from which we can infer that the legislature intended to make the procedures in ORS 660.060(7) exclusive with regard to the cancellation of apprenticeship agreements. *See Smith,* 318 Or at 309-10 (stating principle). We conclude that the statutes are consistent.

ORS 660.060(7) provides, *inter alia,* that the apprenticeship agreement with an apprentice who has completed her probationary period "may be canceled * * * for good cause with due notice * * * and a reasonable opportunity for correction." That statute provides both substantive and procedural protections for the apprentice. As a substantive protection, the statute provides that apprenticeship agreements may be canceled only for "good cause." As a procedural protection, the text provides that the apprentice has the right to receive due notice and a reasonable opportunity for correction *before* the local committee cancels the apprenticeship agreement. In addition, ORS 660.060(7) provides that the apprentice is entitled to "written notice * * * of the final action of the committee." Thus, the apprentice is also entitled to notice *after* the committee has acted. The statute provides a two-step process in which (1) the apprentice is entitled to an initial notice and a reasonable opportunity for correction before the apprenticeship agreement is canceled, and (2) the apprentice is entitled to a later written notice of the committee's final action. Those steps do not include, or even mention, a right to a hearing.

By contrast, ORS 183.415(1), part of the APA, provides that, "in a contested case, all parties shall be afforded *an opportunity for hearing* after *reasonable notice.*" (Emphasis added.) That statute also provides two primary procedural protections: a party to a contested case is entitled to "reasonable notice" and "an opportunity for [a] hearing."

The terms "reasonable notice" and "hearing" are defined extensively in the APA. Under ORS 183.415(2), the notice shall include:

"(a) A statement of the party's right to hearing, or a statement of the time and place of the hearing;

"(b) A statement of the authority and jurisdiction under which the hearing is to be held;

"(c) A reference to the particular sections of the statutes and rules involved; and

"(d) A short and plain statement of the matters asserted or charged."

In addition, under the APA's contested case provisions, a party has a right to a "hearing," which includes, among other things, the right to be represented by counsel, to present evidence and argument on all issues, ORS 183.415(3), to have the issues explained by the hearings officer, ORS 183.415(7), to take the testimony of witnesses under oath, ORS 183.415(8), to have a record, ORS 183.415(9) to (11), and to enjoy the numerous other rights conferred by statute. *See generally* ORS 183.413 to 183.470.

■   The question that we must consider is whether, by providing a nonprobationary apprentice with the procedural right to "due notice" and "an opportunity for correction" *before* the committee cancels the apprenticeship agreement, ORS 660.060(7), the legislature intended to exempt apprentices from the right to a subsequent APA "contested case" hearing and its more extensive protections of "reasonable notice" and "an opportunity for [a] hearing." *Smith*, 318 Or at 309-10. We do not detect such an intent.

According to respondents, the text of ORS 660.060(7) indicates that a nonprobationary apprentice is entitled only to the right to pre-cancellation notice and a reasonable opportunity for correction, which excludes her right to an APA "contested case hearing." Respondents' argument proves too much. First, we note that there is nothing in the text of ORS 660.060(7) that indicates that "due notice and a reasonable opportunity for correction" are the exclusive procedural protections to which a nonprobationary apprentice is entitled. Second, the legislature's decision to provide a nonprobationary apprentice with a pre-cancellation right to due notice and a reasonable opportunity for correction does not suggest that the legislature intended to take away the apprentice's right

to a subsequent contested case hearing. For example, there is nothing inconsistent between a due notice and correction procedure, which precedes the local committee's cancellation decision, and an APA contested case hearing in which the employee may attempt to prove that the cancellation decision, once made, is substantively or procedurally flawed.

■ We conclude, therefore, that ORS 660.060(7) gives an apprentice the right to certain informal pre-cancellation protections that are *in addition* to the apprentice's right to an APA contested case hearing. That interpretation results in a consistent legislative policy.[6] *See Pearson*, 250 Or at 58 (the two statutes should be read together and harmonized, if possible, while giving effect to a consistent legislative policy). If we were to follow respondents' interpretation, we would have to conclude that, by giving a nonprobationary apprentice the *additional* right to pre-cancellation notice and a reasonable opportunity for correction, the legislature intended to *take away* the apprentice's right to an APA contested case hearing. We cannot conclude that, by giving nonprobationary apprentices additional rights, the legislature intended to take away their right to a contested case hearing.

■ In summary, after examining the text and context of ORS 660.060(7), we conclude that the legislature's use of the phrase "due notice and a reasonable opportunity for correction" does not evidence an intent by the legislature to exempt from the APA's contested case provisions the decision to cancel an apprenticeship agreement with a nonprobationary apprentice. *PGE*, 317 Or at 611 ("[i]f the legislature's intent is clear from * * * inquiry into text and context, further inquiry is unnecessary"). Applying that conclusion to this case, we hold that the decision by the local committee to cancel petitioner's apprenticeship agreement constituted a final order subject to the contested case procedures of the APA. Jurisdiction for review of final orders in contested cases lies

---

[6] The legislative policy of giving a nonprobationary apprentice *both* the right to a pre-cancellation opportunity for correction *and* an APA contested case proceeding is not only consistent, but also more efficient. For instance, an apprentice may be able to take advantage of a pre-cancellation opportunity for correction by convincing the local committee not to cancel the apprenticeship agreement. If the local committee decides against cancellation of the agreement, there is no need for a subsequent APA contested case hearing.

with the Court of Appeals. ORS 183.482(1). Therefore, the Court of Appeals erred when it dismissed this case for lack of jurisdiction.

The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for further consideration.