Argued and submitted June 26, 1997, affirmed February 18, petition for review denied June 30, 1998 (327 Or 317)

Janet L. O'NEIL,
*Petitioner,*

*v.*

NATIONAL UNION FIRE,
Beverly California Corporation and
Department of Consumer and Business Services,
*Respondents.*

(Agency No. H95-113; CA A93588)

954 P2d 847

Robert Wollheim argued the cause for petitioner. With him on the brief were Welch, Bruun, Green & Wollheim, and Christine Jensen and Malagon, Moore, et al.

Jerald P. Keene argued the cause and filed the brief for respondents National Union Fire and Beverly California Corporation.

Mary H. Williams, Assistant Attorney General, argued the cause for respondent Department of Consumer and

Business Services. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DEITS, C. J.

**DEITS, C. J.**

Claimant seeks review of the final order of the Director of the Department of Consumer and Business Services[1] under ORS 656.327, holding that the prescribed medication Prozac is not "appropriate" to the treatment of a low back condition that claimant suffers as the result of an injury that is compensable under the Workers' Compensation Law. The decisive issue is whether ORS 656.327(2) requires a "full-scale" contested case hearing or whether the more limited procedures that were followed by the Director were sufficient to satisfy the statute. We conclude that the procedures followed were sufficient and affirm.

Claimant suffered her compensable injury in 1990. Through various procedural events occurring between then and 1992, the details of which are not relevant here, employer denied a related claim for a psychological condition, and claimant's claim for the back condition was settled as nondisabling but with a right to medical services. *See* ORS 656.245. In 1995, claimant's physician prescribed Prozac as part of the treatment for her back pain. Employer sought a determination by the Director concerning the appropriateness of the treatment, pursuant to ORS 656.327(1).[2] ORS 656.327(2) delineates the procedure that is to be followed when such a determination is sought:

> "The director shall review medical information and records regarding the treatment. The director may cause an appropriate medical service provider to perform reasonable and appropriate tests, other than invasive tests, upon the worker and may examine the worker. Notwithstanding ORS 656.325(1), the worker may refuse a test without sanction. Review of the medical treatment shall be completed and the director shall issue an order within 60 days of the request for review. The director shall create a documentary

---

[1] In the balance of this opinion, we will refer to the agency as the "Department" and the official as the "Director."

[2] ORS 656.327(1) uses the term "inappropriate" and a number of others to define the putative shortcomings for which the Director's review may be sought. The consequence of a determination that a disputed treatment comes within one of the problematic categories is that the employer or insurer does not have to provide treatment as part of workers' compensation.

record sufficient for purposes of judicial review. *If the worker, insurer, self-insured employer or medical service provider is dissatisfied with that order, the dissatisfied party may request a contested case hearing before the director pursuant to ORS 183.310 to 183.550. At the contested case hearing, the administrative order may be modified only if it is not supported by substantial evidence in the record or if it reflects an error of law. No new medical evidence or issues shall be admitted.* If the director issues an order declaring medical treatment to be not compensable, the worker is not obligated to pay for such treatment. Review of the director's order shall be by the Court of Appeals pursuant to ORS 183.310 to 183.550." (Emphasis supplied.)

Our emphasis in the foregoing quotation serves two purposes. First, it calls attention to the statutory language that is the focus of the parties' disagreement. Second, it serves as a line of demarcation between two separate stages in the administrative process, both of which are *nominally* assigned to the Director by the statute. A summary of how the statute is *actually* applied by the Director and his agents, generally and in this case, is essential to an understanding of what the case is about, as well as what the statute was apparently designed to be about.

The first stage consists of a review of the disputed treatment by the Medical Review Unit (MRU) of the Workers' Compensation Division. Its review is not required to, and in this case did not, follow a contested case or other plenary quasi-judicial format. The MRU gathers and reviews "medical information and records," and its efforts are to culminate in a "documentary record sufficient for judicial review" and an "administrative order" ruling on the appropriateness of the treatment. The second stage, which may be initiated after the conclusion of the first upon the request of the worker, employer or insurer, ostensibly consists of a contested case hearing process pursuant to the Administrative Procedures Act (APA). ORS 183.310 *et seq*. By the terms of ORS 656.327(2), that process is to culminate in an order by the Director, limited to the questions of whether the first-stage administrative order is supported by substantial evidence and is free of legal error.

The "Director's" actions at the second stage are actually divided into two parts. As with the first stage, neither of

those parts is actually performed by the Director. The second stage begins with a proceeding before an administrative law judge (ALJ); if sought, the ALJ's "proposed order" is then reviewable by the administrator of the Workers' Compensation Division. At the second stage, argument and some testimony may be presented but "new medical evidence or issues" may not be. As to those matters, both the ALJ's and the administrator's decisions are based on the information in the record generated by and before the MRU. The parties' dispute here focuses on the restriction against new medical evidence and issues at the second stage of the process and the limitation of the inquiry at that stage to substantial evidence review rather than *de novo* factfinding. Claimant asserts that those restrictions and limitations are inconsistent with the APA contested case requirements that ORS 656.327(2) incorporates; the Department and employer contend that ORS 656.327(2) expressly modifies the APA requirements in those respects for purposes of contested case hearings under it.

In the present case, the reviewer acting for the MRU considered the available medical information, which included conflicting medical opinions by a number of physicians in various specialties. The resulting MRU order noted that Prozac is generally prescribed as an antidepressant, that there can be some psychological factors that are related to chronic pain, and that "no one disputes that the Prozac may be helping" claimant. However, the order concluded, in effect, that the only accepted condition was claimant's low back problem, that Prozac is not indicated for that condition independently of the depression that might accompany the condition and, therefore, "Prozac is not appropriate for treatment" of claimant's back condition. Claimant sought a second-stage contested case hearing. The ALJ's proposed order set aside the MRU order and directed employer to pay for the Prozac treatment. Employer then sought the next stage of review and, in the "Director's" final order, the administrator of the division concluded "that there is substantial evidence in the record to support MRU's decision." Therefore, the Director's final order effectively affirmed the MRU's decision and reversed the ALJ's proposed order.

Claimant contends in her first assignment of error that the Director or his designate was required by ORS

656.327(2) to conduct a full-scale contested case procedure, in keeping with ORS 183.310 *et seq*, upon her request following the issuance of the MRU order. However, according to claimant, the procedures that were followed fell short of what the APA requires. She explains in her brief:

> "This hearing is suppose[d] to be a full APA contested case hearing. Yet the parties are not given a full APA contested case hearing. For example, the parties can present some evidence, but no new medical evidence or issues shall be admitted. This hearing is not *de novo*. Rather the director's prior decision can only be modified if it is not support by substantial evidence in the record or reflects an error of law.
>
> "* * * * *
>
> "An APA contested case hearing is quite different. An APA contested hearing is one where individual legal rights are determined only after an agency hearing and the parties are entitled to appear and be heard. ORS 183.310-(2)(a)(A). At a contested case hearing the parties have the right to admit evidence 'of a type commonly relied upon by reasonably prudent persons in conduct of their serious affairs.' ORS 183.450(1). It is at the contested case hearing that the record is created. The record consists [of] the pleadings, the evidence at the hearing, and the agency's decision. ORS 183.415(11). Implicit in the APA is that a contested case hearing is a *de novo*, full due process and quasi judicial hearing because review by the Court of Appeals is for substantial evidence or errors of law. ORS 183.482(8) (a) and (c)." (Footnotes omitted.)

Summarily stated, claimant relies on the first of the three sentences that are emphasized in our earlier quotation of ORS 656.327(2), which, she contends, provides for a contested case hearing of the kind required by the APA, rather than the more limited process that she was given here. Employer and the Department respond, *inter alia*, that, although that first sentence describes the Director's second-stage proceeding as a "contested case hearing * * * pursuant to ORS 183.310 to 183.550," the next two sentences in ORS 656.327(2) modify and limit the first by specifying that certain types of evidence and issues that would normally be appropriate in an APA contested case proceeding cannot be adduced in proceedings under this statute. Further, they

assert, the scope of the Director's inquiry under this statute—whether the underlying order is supported by substantial evidence or contains errors of law—is not as plenary as the APA provisions to which it refers generally require in contested cases. In sum, employer and the Department maintain that ORS 656.327(2) provides for more truncated procedures and more limited issues than those in a full-scale APA contested case proceeding and that, notwithstanding the language in it that appears to incorporate the APA requirements, this statute should be interpreted to require only a modified contested case proceeding, with the usual APA requirements diminished by the limitations that ORS 656.327(2) itself specifies.

We agree with claimant that the procedures that the Director's designates followed on review of the MRU administrative order fell well short of the requirements for a "contested case" under ORS 183.310 *et seq.*[3] *See Fairbanks v. Bureau of Labor and Industries,* 323 Or 88, 96, 913 P2d 703 (1996). However, we do not agree with her threshold premise that ORS 656.327(2) either requires that the Director's hearing include all of the APA contested case procedures or that it is inconsistent or ambiguous in what it requires. The language of the statute provides for a contested case procedure of the *general* kind described in the APA, but one that differs from the APA format in the *specific* ways that ORS 656.327(2) itself sets forth in the second and third sentences.

Claimant reads the first of the sentences emphasized in our quotation of ORS 656.327(2) as an outright grant

---

[3] The Department states in its brief:

"The parties have an opportunity before the MRU to present and rebut evidence and create a record. At the [subsequent] contested case hearing, the parties have an opportunity to be heard, to supplement the record with new non-medical evidence, to clarify the previously submitted medical evidence, and to cross-examine the medical witnesses. The director's application of the substantial evidence test is on this complete record. Claimant has failed to show that the hearing under ORS 656.327(2) violates any requirement of the APA."

Insofar as the Department relies on procedures at the MRU stage to fill any procedural voids at the later contested case stage, its reliance is misplaced. The question here is what the *statute* requires at the *later* stage. We note that no due process or other nonstatutory question is presented under claimant's first assignment.

of an APA-type proceeding, and regards the next two sentences as being inconsistent with the first insofar as they provide for more limited procedures and substantive considerations than the APA does. In our view, however, the three sentences must be read together, rather than as separate and unconnected provisions relating to the applicable procedures. When read as a whole, the second and third sentences are not inconsistent with the first but, rather, they modify and subtract from what the first sentence would provide if it stood alone. We conclude, on the basis of the language of ORS 656.327(2) and the relevant context, that it does not require a "full-scale" contested case hearing that duplicates the APA's requirements, and that the procedures that were followed here were consistent with the more limited contested case process that ORS 656.327(2) does require.[4]

Claimant makes one other assignment, which we do not believe requires discussion.

Affirmed.

---

[4] Claimant's reliance on *Colclasure v. Wash. County School Dist. No. 48-J*, 317 Or 526, 857 P2d 126 (1993), is unavailing for a number of reasons. The principal one is that, unlike the statute there that the Supreme Court interpreted by reference to "general principles" of administrative law, the meaning of ORS 656.327(2) is ascertainable from its text and context.