Argued and submitted October 23, 1997, judicial review dismissed for lack of jurisdiction July 15, 1998

Cardis C. BERRY,
*Petitioner,*

*v.*

METRO ELECTRICAL JOINT APPRENTICESHIP
& TRAINING COMMITTEE,
a State Agency,
*Respondent.*

(CA A93976)

963 P2d 712

Richard C. Busse argued the cause for petitioner. With him on the opening brief were Scott N. Hunt and Busse & Hunt.

Richard D. Wasserman, Assistant Attorney General, argued the cause and filed the brief for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

■    The issue in this case is whether we have jurisdiction to review a decision by the Metro Electrical Joint Apprenticeship & Training Committee (the Committee), which terminated an apprenticeship agreement with Cardis Berry, a probationary apprentice electrician. Specifically, the question is whether the Committee's termination of the apprentice agreement was a final order in a contested case subject to the contested case procedures of the Oregon Administrative Procedures Act (APA). If so, we have jurisdiction and the Committee concedes that the notice and procedural requirements of the APA were not followed. If not, we do not have jurisdiction and this petition must be dismissed. We answer the question presented in the negative and dismiss the petition for lack of jurisdiction.

In November 1995, the Committee selected Berry for its electrical apprenticeship program. The parties entered into an apprenticeship agreement on December 19, 1995. Pursuant to that agreement, Berry would remain in probationary status for the first 2,000 on-the-job training hours and during one year of school. At all times relevant to this petition, Berry remained in probationary status.

Following poor performance ratings in 1996, Berry was notified that he was to appear before the Committee on April 23, 1996, about his ratings. Following that meeting, on May 29, 1996, Berry was informed by letter that his apprenticeship agreement was canceled. In that letter, the Committee listed the reasons for his cancellation: failure to comply with terms of probation; failure to progress on the job; poor attendance on the job; unreliable, requiring constant supervision; indifference to work; moody; and requires repeated instructions to perform tasks.

On July 23, 1996, Berry petitioned for judicial review by this court. On our own motion, we granted Berry 14 days to show cause why the petition should not be dismissed because it was not taken from a final order in a contested case. See ORS 183.482. After both parties submitted briefs concerning the order to show cause, we held, by order that we did have jurisdiction.

■ The issue before us now is the same as the one that we decided previously. The Committee claims that our previous order was wrong and that we should dismiss the case for lack of jurisdiction. It argues that the termination of Berry's apprenticeship was a final order in other than a contested case and that jurisdiction rests with the circuit court. Berry responds that the issue of jurisdiction is settled by the "law of the case" or, alternatively, that the earlier order was correct and we do have jurisdiction because Berry's apprenticeship termination falls into the definition of a final order in a contested case. ORS 183.310(2)(a).

■■ Our earlier ruling does not constitute law of the case that precludes our review of the jurisdictional question. Where lack of jurisdiction appears at any stage of a case, it is the duty of the appellate court to proceed no further. *See Robertson v. Henderson,* 181 Or 200, 205, 179 P2d 742 (1947); *League of Women Voters v. Lane Co. Bndry Comm.,* 32 Or App 53, 59, 573 P2d 1255, *rev den* 283 Or 503 (1978); *see also* ORAP 7.15(3) ("If any motion *other than a challenge to the court's jurisdiction* is denied before submission of the case, the motion may not be resubmitted without leave of the court in the order on the motion.") (emphasis supplied). Thus, this court either has jurisdiction or it does not. It is incumbent on us to consider our own jurisdiction in every case. *See Berger Farms v. First Interstate Bank,* 148 Or App 33, 36-37, 939 P2d 64, *rev den* 326 Or 62 (1997).

The APA defines the jurisdiction of the courts to review orders generated in either of two categories of administrative proceedings. First, ORS 183.482(1) provides that "[j]urisdiction for judicial review of contested cases is conferred upon the Court of Appeals." The statute next details the procedure by which the jurisdiction of the Court of Appeals may be invoked to review contested cases. ORS 183.482(2) through (8). Second, ORS 183.484(1) provides that jurisdiction for judicial review of all other administrative agency orders, for "orders other than contested cases," is conferred on the circuit courts. The jurisdictional line thus runs between contested cases and noncontested cases. *See Hay v. Dept. of Transportation,* 301 Or 129, 136, 719 P2d 860 (1986) (describing the court's jurisdiction as dependent on whether the proceeding is or is not a contested case); *Oregon Health*

*Care Ass'n v. Health Div.*, 148 Or App 568, 572, 941 P2d 593, *rev allowed* 326 Or 133 (1997).

ORS 183.310(2) defines a "contested case," *inter alia*, as a proceeding before an agency:

"(A) In which the individual legal rights, duties or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard;

"(B) Where the agency has discretion to suspend or revoke a right or privilege of a person[.]"

Although Berry argues, and the Committee mistakenly concedes, that the cancellation of Berry's apprenticeship agreement falls within the definition of a "contested case" under ORS 183.310(2)(a)(B), we disagree.[1]

The starting point for determining whether an interest amounts to a "right" or "privilege" for purposes of ORS 183.310 is the defining source, not ORS 183.310 itself. *See O'Neil v. National Union Fire*, 152 Or App 497, 503, 954 P2d 847 (1998). Here, that source is ORS 660.126(1)(g), which provides that all apprentice agreements shall contain statements of a "probationary period reasonable in relation to the full apprenticeship term * * * and with provision that during the probationary period, *the apprenticeship agreement may be terminated without cause*." (Emphasis supplied.) Consistent with that statute, the apprenticeship agreement signed by Berry provided that "[c]ancellation by the committee can occur without a defined reason during the probationary period."

Here, Berry's interest as a probationary apprentice does not rise to the level of either a privilege or a right. Pursuant to ORS 660.126(1)(g) his employment interest is something less than that, *i.e.*, one that is terminable without cause. Because there are no substantive or procedural rights before termination, there is nothing to prove at a hearing.

---

[1] In 1997, the legislature amended ORS 660.014 and provided that apprenticeship committees are not considered state agencies "for any purpose." At the time of Berry's termination, however, the Committee was considered a state agency.

Berry's termination failed to trigger the hearing requirements of the APA because that termination did not amount to a contested case. For that reason, we do not have jurisdiction under ORS 183.482 to review the council's decision.

In *Fairbanks v. Bureau of Labor and Industries*, 323 Or 88, 913 P2d 703 (1996), the court interpreted the status of a nonprobationary apprentice. Unlike a probationary apprentice, the nonprobationary apprentice may only be terminated for "good cause." ORS 660.060(7). Because of that "good cause" standard, a nonprobationary apprentice does have a right or privilege in continuing with the apprentice program and any dismissal triggers the contested case requirements of the APA. There is no inconsistency between *Fairbanks* and our holding in this case.

Judicial review dismissed for lack of jurisdiction.