Argued and submitted November 12, 1998, affirmed December 22, 1999

EXCHANGE PROPERTIES, INC.,
a Nevada corporation,
*Respondent,*

*v.*

CROOK COUNTY,
a political subdivision of the State of Oregon,
*Appellant.*

(97-CV-0011-15; CA A101128)

992 P2d 486

Peter M. Schannauer argued the cause and filed the brief for appellant.

Brian L. Gingerich argued the cause for respondent. With him on the brief was Karnopp, Petersen, Noteboom, Hansen, Arnett & Sayeg.

Before Edmonds, Presiding Judge, and Armstrong and Kistler,* Judges.

ARMSTRONG, J.

---

* Kistler, J., *vice* Warren, P. J., retired.

## ARMSTRONG, J.

Defendant Crook County appeals from a judgment granting plaintiff specific performance of an earnest money agreement by which defendant sold plaintiff land that defendant had acquired for failure to pay taxes. Defendant argues that the agreement is void because plaintiff failed to pay the balance due in accordance with its terms. We affirm.

Plaintiff purchased the property in question at a sheriff's sale of tax-foreclosed properties in September 1994. It paid 10 percent of the purchase price as earnest money and agreed to pay the rest within 60 days. The earnest money agreement provided that if "payment is not received within the sixty (60) days, this sale shall be void." Plaintiff was unable to pay the full amount within the required period, but the county commission granted extensions of time to March 4, 1995, and reduced the price.[1] Plaintiff did not pay the reduced amount by that date but tendered the balance due in October 1996. Defendant rejected the tender and refused to consummate the sale. Before that time, defendant did not declare the sale void, notify plaintiff of its intent to do so, or give plaintiff an opportunity to cure the default. Plaintiff then filed this action in February 1997 to require defendant to consummate the sale.

We review the trial court's grant of summary judgment as a question of law. The decisive issue in this case is whether defendant's failure to comply with the earnest money agreement on time made that agreement void. Defendant relies on the express provision of the agreement that declares it void if plaintiff failed to pay within 60 days. Defendant recognizes that it extended that time to March 4, 1995, but argues that plaintiff lost its rights when it failed to complete payment by that date. Plaintiff responds that, whatever the contract stated, defendant could not cancel the contract without complying with the requirements of ORS 275.220. Subsection (1) of that statute provides that, "[i]n case of breach of condition or other default in performance of any contract made pursuant to ORS 273.190 or 275.200," the

---

[1] We do not need to decide whether there is an issue of fact about whether the commission extended the time beyond March 4.

county court may, by an order made and entered in its records, declare the breach or default and cancel the contract. If the county cancels the contract, then it must serve a certified copy of the order on the holder of the contract. Subsection (2) gives the holder of the canceled contract certain appeal rights. The parties agree that defendant did not follow that procedure.

■ Because defendant failed to comply with ORS 275.220 in canceling the earnest money agreement, there has been no effective cancellation if the agreement is the kind of contract to which ORS 275.190 applies. ORS 275.190(1) describes the requirements for a sheriff's sale of county land. It provides that such sales

> "shall be to the highest and best bidder for cash or, in the discretion of the county court, for not less than 10 percent of the purchase price in cash, the remainder to be paid under written agreement with the purchaser in equal installments over a term not exceeding 20 years from the date of sale, all deferred payments to bear interest from the date of sale at a rate set by the county court, payable annually."

By its terms, ORS 275.190(1) unambiguously covers all county land sold at a sheriff's sale, including the land that defendant sold to plaintiff. Defendant argues, however, that the statute applies only to contracts for the payment of the purchase price by installments over a period of time, not to earnest money agreements that contemplate payment in full within a short period. Neither of the grounds on which defendant relies for that argument gives it any comfort.

■ Defendant first refers to the caption of ORS 275.220, which reads "Procedure upon default or breach under installment contract." However, statutory captions are simply things that Legislative Counsel provides for the reader's convenience. They are not part of the statute and are of no legal significance in determining its meaning. ORS 174.540; see *Nakamoto v. Kulongoski*, 322 Or 181, 189, 904 P2d 165 (1995), *Mitchell v. Board of Education*, 64 Or App 565, 568 n 2, 669 P2d 356, *rev den* 296 Or 120 (1983). Secondly, defendant relies on ORS 93.905(1), which defines " 'Contract for transfer or conveyance of an interest in real property' " as not including "earnest money or preliminary sales agreements,

options or rights of first refusal." That definition, however, is expressly limited to the use of the phrase in ORS 93.905 to ORS 93.945, which concern forfeiture of rights under land sales contracts in general. Nothing about that act, which the legislature enacted long after it adopted ORS 275.190 and ORS 275.220, suggests that it affects defendant's obligations under the latter statutes.

Because defendant failed to take the required steps to cancel its contract with plaintiff, that contract is still in effect. The trial court did not err in granting specific performance of it.

Affirmed.