Argued and submitted June 27, sentences vacated; remanded for resentencing; otherwise affirmed August 30, 2006

# STATE OF OREGON,
## *Respondent,*

*v.*

# ANTHONY SCOTT ROBERTSON,
## *Appellant.*

## 99C-56280; A117093

142 P3d 113

Rankin Johnson IV, Deputy Public Defender, argued the cause for appellant. With him on the briefs were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Christina M. Hutchins, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum,* Judges.

HASELTON, P. J.

---

* Rosenblum, J., *vice* Richardson, S. J.

## HASELTON, P. J.

Defendant appeals from a judgment, following a jury trial, in which he was convicted of robbery in the first degree with a firearm, ORS 164.415, ORS 161.610; robbery in the second degree, ORS 164.405; unlawful use of a weapon, ORS 166.220; and felon in possession of a firearm, ORS 166.270. Defendant argues that, because he filed a notice of appeal before trial seeking review of several pretrial rulings, the trial court lacked jurisdiction to proceed to trial and, ultimately, to enter the judgment of conviction. Defendant alternatively contends that the trial court's imposition of an upward departure sentence was unconstitutional under the rule of *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). We conclude that, notwithstanding defendant's pretrial appeal, the trial court properly "proceed[ed] through entry of judgment[,]" ORS 19.235(2), but that the imposition of the upward departure sentence was plain error and must be corrected. *State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006). Accordingly, we affirm defendant's convictions but vacate defendant's sentences and remand for resentencing.

The material facts are not in dispute. Defendant was charged with several crimes. Thereafter, defendant filed various motions—including motions to dismiss, to produce evidence, to suppress evidence, to quash the indictment against him, for release from custody, and for return of property—which the trial court denied in June 2000. Trial was scheduled for December 5, 2000. At a pretrial conference on November 16, 2000, defendant unsuccessfully moved for a continuance of the trial.

On December 4, 2000, the day before trial was to begin, defendant *pro se* filed a notice of appeal in this court, seeking review of the pretrial rulings. The next day, defendant informed the trial court of that filing and asserted that the court's "jurisdiction was * * * removed from the proceedings until that matter is resolved."

The state responded that, under the "summary determination of appealability" provisions of ORS 19.235,[1] the court had jurisdiction to proceed to trial and to judgment:

"[ORS 19.235] should control in this matter, because without it the court couldn't function, in my mind, subsection one particularly. Without allowing—or interpreting that statute to apply in criminal matters as well as civil matters, the court's jurisdiction to proceed on any criminal matter would be totally at the whim of the defendant in any case.

"A defendant, if one follows the theory propounded by the defense in this case, would never need to go to trial on a case. He could appeal on the day before or whenever prior to the trial date, bringing victims, as in this case, into court that are traumatized by the incident and the further proceedings in the matter and not allowing them to have any closure. This could be [dragged] on *ad infinitum* unless the court, as provided in [ORS] 19.235, determined in this case that the appeal is totally baseless."

In reply, defense counsel asserted that ORS 19.235 was inapposite because it "is not applicable to criminal cases."

The trial court concluded that ORS 19.235 did apply and that it retained jurisdiction to proceed to trial and judgment:

"[U]nless there is a reasonable reading of these statutes, and by these I mean the criminal appellate statutes incorporated in Chapter 138 and the procedure in civil appeals as set forth in Chapter 19 read together, at least as they can—as can be done reasonably and in a way that makes common sense, the courts of this state would simply—the criminal courts would simply grind to a halt.

"* * * * *

"* * * [ORS 19.235(1) and (2)] deal with the situation where a trial court determines that a decision is not appealable. And that is, indeed, what I am determining is the decisions that I have made and the orders that I have previously entered in this case are not appealable because there has not been a judgment entered in the case.

---

[1] The text of ORS 19.235 is set out below. 207 Or App at 470-71.

"It is my belief that because there is nothing to appeal from that this court has not lost jurisdiction, that we retain jurisdiction over this case under ORS 19.235. And we will, therefore, proceed. The motion for a continuance based on his filing of a notice of appeal is denied."

A jury subsequently convicted defendant on all counts. On February 5, 2001, after pronouncing sentence, the trial court entered judgment. As is pertinent to our consideration and disposition of defendant's third assignment of error, the trial court imposed an upward durational departure of 55 months on defendant's conviction for first-degree robbery with a firearm.

On February 1, 2001, we issued an order dismissing defendant's December 4, 2000, appeal. In that order, we held that defendant's putative appeal of the trial court's June 2000 pretrial rulings was untimely and that the trial court's November 16, 2000, denial of a continuance was not appealable. Although we issued our order of dismissal before the trial court's February 5 entry of judgment, the appellate judgment of dismissal was not entered until March 26, 2001.

Meanwhile, on February 28, 2001, defendant had filed a notice of appeal from the February 5 judgment. In response to that second notice of appeal, on April 17, 2001, we issued an order on our own motion directing the trial court to vacate the February 5 judgment but giving that court leave, upon motion of any party, to reenter that judgment. *See* ORS 19.270(4). We explained that, because the February 5 judgment had been entered after defendant filed his first notice of appeal but before our March 26 judgment dismissing that appeal, "[t]he trial court did not have jurisdiction to enter the judgment on February 5, 2001." As support for that statement, we cited ORS 19.270 and *Murray Well-Drilling v. Deisch*, 75 Or App 1, 704 P2d 1159 (1985), *rev den*, 300 Or 546 (1986)—but we did not refer to ORS 19.235.

On December 12, 2001, the trial court reentered the judgment, and defendant timely appealed from that judgment. On appeal, defendant reiterates his contention that, because of the filing of the December 4, 2000, notice of appeal, the trial court lacked jurisdiction to proceed to trial and judgment. Defendant argues, particularly, that ORS 19.235 does

not apply to criminal matters and that our April 17, 2001, order of dismissal confirms that the trial court so lacked jurisdiction. Defendant also raises two challenges to the lawfulness of his sentence: (1) Ballot Measure 11 (1994)[2] is facially unconstitutional; and (2) the imposition of the upward departure sentence was unconstitutional under *Blakely*.

■    In considering defendant's first contention, we must, initially, address the effect of our April 17, 2001, order in which we held that the trial court lacked jurisdiction to enter the February 5 judgment of conviction. For the reasons that follow, that ruling was erroneous.

We note, at the outset, that this is not a circumstance in which our ability to revisit the correctness of our prior ruling is constrained by appellate rule. ORAP 7.15(3) provides:

> "If any motion other than a challenge to the court's jurisdiction is denied before submission of the case, the motion may not be resubmitted without leave of the court in the order on the motion."

Here, that rule is inapposite for at least two reasons. First, our April 17, 2001, order was the product of *sua sponte* consideration and, thus, did not embody the denial of any motion. Second, that ruling pertained to the trial court's jurisdiction to enter the judgment that was the object of defendant's February 28, 2001, notice of appeal—and, thus, pertained derivatively to our jurisdiction to address the substantive merits of that appeal.

■ ■    Rather, any arguable constraint on our ability to revisit our determination that the pendency of the original appeal deprived the trial court of jurisdiction must derive from "law of the case." In general, " 'when a ruling or decision has been once made in a particular case by an appellate court,' " that decision becomes the "law of the case." *Hayes Oyster Co. v. Dulcich*, 199 Or App 43, 53-54, 110 P3d 615, *rev den*, 339 Or 544 (2005) (quoting *State v. Pratt*, 316 Or 561, 569, 853 P2d 827, *cert den*, 510 US 969 (1993)). However,

---

[2] Ballot Measure 11 (1994) is codified at ORS 137.700.

"[t]he law of the case doctrine is essentially one of judicial economy and judicial discretion[,]" *State v. Metz*, 162 Or App 448, 454, 986 P2d 714 (1999), *rev den*, 330 Or 331 (2000), and it does not preclude us from reconsidering decisions regarding our own jurisdiction. *See, e.g., Berry v. Metro Electrical Joint Apprenticeship*, 155 Or App 26, 29, 963 P2d 712 (1998); *see also* ORAP 7.15(3) (preventing a party from resubmitting a denied order except for "a challenge to the court's jurisdiction").

Here, "law of the case" does not apply for the same reason that ORAP 7.15(3) is inapposite: The April 17, 2001, order did, in fact, pertain to our own jurisdiction; unless, or until, the trial court reentered its February 5, 2001, judgment, we lacked jurisdiction to address the merits of defendant's appeal. Thus, our prior ruling that the December 4, 2000, notice of appeal deprived the trial court of jurisdiction is not preclusive.

■ The question remains: Was that ruling, albeit not preclusive, correct? Did the trial court have jurisdiction under ORS 19.235(2) to "proceed through entry of [the February 5, 2001] judgment"? That, in turn, depends on whether ORS 19.235 applies to criminal proceedings—or, as defendant contends, is limited to civil proceedings. In resolving that question, we begin by considering the text of ORS 19.235 in relevant statutory context. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993).

ORS 19.235 provides, in pertinent part, as follows:

"(1)   Notwithstanding ORS 19.270, if any party or the trial court on its own motion, on receiving actual notice of the filing of the notice of appeal, raises the issue whether the decision being appealed is appealable, the trial court shall have jurisdiction to make a summary determination, with or without a hearing, whether the decision is appealable. As used in this section, 'decision' means any trial court ruling, either oral or written.

"(2)   If the trial court determines that the decision is not appealable, the trial court, in its discretion, may proceed through entry of judgment or stay proceedings pending an appellate court determination of the existence of an

appealable decision. The trial court may refer the question of the existence of an appealable decision to the court to which the appeal is taken. Neither an order by the trial court to proceed through entry of judgment, an order by the trial court to stay proceedings pending an appellate court determination, nor a trial court referral of the question of the existence of an appealable decision to the appellate court is appealable. However, on motion of any party or on its own motion the appellate court may stay proceedings in the trial court or stay any order or judgment entered by the trial court pending a final determination of appealability.

"(3)   When a party by motion, the trial court by referral or the appellate court on its own motion raises the issue whether the decision is appealable, the appellate court may make a summary determination of the appealability of the decision. * * *

"(4)(a)   The trial court's authority to proceed with a case under subsection (2) of this section shall end when the appellate court has made an express determination that an appeal has been taken from an appealable order or judgment, all means for obtaining review of that determination under subsection (3) of this section have been exhausted, and the State Court Administrator at the direction of the court has mailed copies of the final appellate court determination to the trial court and the parties; otherwise, the trial court's jurisdiction shall continue.

"(b)   No action by the trial court taken pursuant to subsections (1) and (2) of this section, except for entry of judgment, shall be void solely because an appellate court later determines that a notice of appeal was filed from an appealable decision."

ORS 19.235 was enacted in 1987. Or Laws 1987, ch 712, § 2.

The state emphasizes, correctly, that nothing in the text of ORS 19.235 restricts the statute's application to civil cases only. Defendant responds, however, that two aspects of the statutory context demonstrate that ORS 19.235 does not apply to criminal cases. First, ORS 19.235 is included in ORS chapter 19, which, defendant asserts, pertains solely to civil matters. Second, ORS 138.185(2), which identifies provisions of chapter 19 that apply to criminal appeals, does not refer to ORS 19.235.

Defendant's reliance on the purportedly "civil" nature of chapter 19 is unpersuasive. Chapter 19 is included in "Title 2" of the Oregon Revised Statutes, and Title 2 is captioned "Procedure in Civil Proceedings." However, "[t]itle heads, chapter heads, division heads, [and] section and subsection heads or titles * * * do not constitute any part of the law." ORS 174.540. That is so because those denominations are not the product of legislative enactment but are, instead, created "by Legislative Counsel for the reader's convenience[.]" *Church v. Grant County*, 187 Or App 518, 526 n 4, 69 P3d 759 (2003); *see also Exchange Properties, Inc. v. Crook County*, 164 Or App 517, 520, 992 P2d 486 (1999).

Defendant's second contextual contention, relating to ORS 138.185(2), warrants more extended consideration. ORS 138.185(2), which pertains to criminal appeals,[3] provides:

"The provisions of ORS 19.250, 19.260, 19.270, 19.385, 19.390, 19.435, 19.450 and 19.510 and the provisions in ORS 19.425 authorizing review of intermediate orders and, if the defendant is the appellant, the provisions of ORS 19.420(3) shall apply to appeals to the Court of Appeals."

ORS 19.270(1), in turn, provides, in part:

"The Supreme Court or the Court of Appeals has jurisdiction of the cause when the notice of appeal has been served and filed as provided in ORS 19.240, 19.250 and 19.255."

Defendant reasons that ORS 138.185(2) embodies an omnibus and exclusive listing of those provisions of chapter 19 that apply to criminal appeals. Defendant further emphasizes that ORS 138.185(2) does *not* refer to ORS 19.235—and that that omission is especially striking, given that the statute *does* refer to ORS 19.270, which provides, generally, that the filing of a notice of appeal vests jurisdiction in the appellate court. Thus, defendant reasons, the omission of ORS 19.235 from the cross-reference listing in

---

[3] *See* ORS 138.010 ("The only mode of reviewing a judgment or order in a criminal action is that prescribed by ORS 138.010 to 138.310.").

ORS 138.185(2) was purposeful and is contextually conclusive evidence that the legislature did not intend that ORS 19.235 apply in criminal proceedings.[4]

The state counters that, as a legal and functional matter, any reference to ORS 19.235 in ORS 138.185(2) would be gratuitous. That is so, the state asserts, because ORS 19.235, by its terms, embodies and imposes an express and unconditional exception to the operation of ORS 19.270. *See* ORS 19.235(1) ("[n]*otwithstanding* ORS 19.270 * * *" (emphasis added)). Thus, the state reasons, the cross-reference to ORS 19.270 in ORS 138.185(2) necessarily incorporates and partakes of the qualification imposed by ORS 19.235.

Either construction is plausible. To be sure, the legislature could have amended ORS 138.185(2) to include a reference to ORS 19.235 upon that statute's enactment in 1987.[5] Conversely, given that neither ORS 19.235 nor ORS 19.270 is, by its terms, limited to civil cases and that the former unconditionally qualifies the operation of the latter, the lack of a cross-reference to ORS 19.235 in ORS 138.185(2) is far from decisive.

We turn, then, to the legislative history. *See PGE*, 317 Or at 611-12. That history is conclusive.

The direct antecedent to ORS 19.235 (originally numbered ORS 19.034) was originally proposed in House Bill (HB) 2196 (1987). Or Laws 1987, ch 712, § 2. James E. Mountain, Special Counsel to the Attorney General, submitted a written explanation of the bill:

> "HB 2196 is designed to cure the trial court jurisdictional problems caused by the Oregon Court of Appeals' decision in [*Murray Well-Drilling*]. In that case, which involved a Department of Veterans' Affairs foreclosure, the court held that the mere filing of a notice of appeal in the appellate court deprives the trial court of jurisdiction to

---

[4] ORS 138.185 was initially enacted in 1959. Or Laws 1959, ch 558, § 39. As noted, ORS 19.235 was enacted in 1987. *See* 207 Or App at 471.

[5] Indeed, the legislature *did* amend ORS 138.185(2) in 1987 to update the required content in a notice of appeal. Or Laws 1987, ch 852, § 2.

proceed further in the case, even though there has been no entry of an appealable judgment on which to base the notice of appeal. Thus, the judgment of foreclosure, which the trial court entered in that case while the appeal was still pending in the appellate court, was held to be void.

"The Court of Appeals' decision has caused some significant problems for the state and holds enormous potential for abuse. For instance, in *Murray Well-Drilling* itself, the state was forced to undo a sheriff's sale of the property. *Even more troublesome is the current situation in an aggravated murder prosecution (carrying a possible death penalty) from Marion County.* Shortly before the scheduled trial, the defendant filed a notice of appeal in the Court of Appeals from the circuit court's order denying his motion to fire his court-appointed counsel. That order plainly is not appealable, and the Court of Appeals dismissed. As a result of the Supreme Court's grant of the defendant's motion for additional time in which to seek review in the Supreme Court, however, the case is still pending in the appellate courts over three months after the trial should have begun. During that time, the circuit court has been powerless to proceed."

Testimony, House Judiciary Committee, Subcommittee No. 3, HB 2196, Jan 19, 1987, Ex B (statement of James E. Mountain, Special Counsel to the Attorney General) (emphasis added). Nothing in the history of the statute's enactment contradicts that understanding. Thus, ORS 19.235 was intended to apply to both civil and criminal cases.

We note, further and parenthetically, that the legislative history also explains the lack of any reference to ORS 19.235 in chapter 138. The language that was ultimately enacted as HB 2196 (1987) was also, and alternatively, proposed as part of a separate bill, HB 3348 (1987), which would have added the statute to chapter 138. However, after HB 2196 passed and the statute was added to chapter 19, the sponsors withdrew that portion of HB 3348 as being redundant. Minutes, House Judiciary Committee, Subcommittee No. 1, HB 3348, June 9, 1987, 2-4 (testimony of Jim Nass, Appellate Court Counsel).

In sum, any plausible ambiguity regarding the scope of ORS 19.235 is conclusively resolved by resort to legislative

history. That statute applies to criminal cases as well as civil cases.

We conclude, moreover, that the trial court in this case properly exercised its authority under ORS 19.235(1) and (2). For the reasons stated in our February 1, 2001, order, the trial court rulings that were the object of defendant's December 4, 2000, notice of appeal were not appealable. Accordingly, the trial court, pursuant to ORS 19.235(1) and (2), properly "proceed[ed] through entry of judgment."

Finally, we address defendant's third assignment of error, in which he raises an unpreserved *Blakely*-based challenge to the imposition of the upward departure sentence. For the reasons set forth in *Ramirez*, the court's imposition of the upward departure sentence was error apparent on the face of the record, ORAP 5.45(1), and we exercise our discretion to correct that error.[6]

Sentences vacated; remanded for resentencing; otherwise affirmed.

---

[6] Given that disposition, we need not address defendant's second assignment of error, which raises a facial challenge to the trial court's imposition of a Measure 11 mandatory minimum sentence.