Submitted on remand from the Oregon Supreme Court October 28, 2008,
remanded for resentencing; otherwise affirmed February 25, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY SCOTT ROBERTSON,
*Defendant-Appellant.*

Marion County Circuit Court
99C56280; A117093

203 P3d 254

Rankin Johnson IV for appellant.

Hardy Myers, Attorney General, Mary H. Williams,
Solicitor General, and Paul L. Smith, Assistant Attorney-in-
Charge, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief
Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Robertson*, 207 Or App 464, 142 P3d 113 (2006), *rev den*, 342 Or 254 (2006), *cert den sub nom Robertson v. Oregon*, ___ US ___ , 127 S Ct 1886, 167 L Ed 2d 373 (2007) (*Robertson I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Robertson*, 345 Or 316, 195 P3d 63 (2008). In *Robertson I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings that the victim was particularly vulnerable and that defendant had participated in organized crime activity. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Robertson I* was correct. Accordingly, we again remand for resentencing.

Defendant was convicted of first-degree robbery with a firearm, second-degree robbery, unlawful use of a weapon, and felon in possession of a firearm arising from his armed robbery of a retail establishment. The trial court imposed a durational departure sentence of 110 months' imprisonment on the first-degree robbery conviction. The court gave the following reasons for its departure:

> "I find there are substantial and compelling reasons to durationally depart from the 51 to 55 month presumptive sentence, that being, specifically, the vulnerability of the victim[.] * * * She was a young woman alone, by herself, in a very vulnerable position in an establishment late at night.

> "Also, I do find there was an organized criminal activity ongoing, the planning and preparation and execution of this crime."

The court also imposed a 60-month "gun minimum" sentence under ORS 161.610.

The question is whether we should exercise our discretion to correct the error in this case, and we do so for two reasons. The state concedes that there is a legitimate debate about whether the jury would have found the departure factors relied on by the trial court. Our review of the record confirms the accuracy of that concession, and we accept it. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact).

Moreover, the gravity of the error in this case is not trivial. *Ailes*, 312 Or at 382 n 6. The court's departure sentence increased defendant's term of incarceration by 50 months. Accordingly, we reverse and remand for resentencing.

Remanded for resentencing; otherwise affirmed.